IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ALVA SANSOM,

      Plaintiff,

v.           CIVIL ACTION NO. 2:17-cv-04444

TSI CORP.,

      Defendant.

MEMORANDUM OPINION AND ORDER

I.  Introduction

Pending before the court is the plaintiff's unopposed Motion to Amend Motion to Amend Deadline and Complaint [ECF No. 63]. Also before the court is the plaintiff's unopposed Amended Motion to Amend Deadline and Complaint [ECF No. 63-1]. For the reasons that follow, the Motions are **GRANTED**.

II.  Background

The Scheduling Order [ECF No. 26] in this case specifies that (1) the amendment of pleadings and joinder of parties shall be completed by June 7, 2018 and (2) the amendment of pleadings and joinder of parties is subject to Rules 15 and 16, and the accompanying rules governing the joinder of parties. Scheduling Order 1–2. On November 15, 2018, the plaintiff filed a Motion to Amend Deadline and

Complaint [ECF No. 62]. On November 19, 2018, the plaintiff filed a Motion to Amend Motion to Amend Deadline and Complaint [ECF No. 63], seeking an order permitting the plaintiff to amend the initial motion to amend. The court now **GRANTS** that Motion [ECF No. 63].

The plaintiff also filed an Amended Motion to Amend Deadline and Complaint [ECF No. 63-1] on November 19, 2018, in which the plaintiff moves to amend his Complaint [ECF No. 1] to add the following parties as defendants: Alutiiq Technical Services, LLC and Alutiiq LLC (collectively "Alutiiq"); the West Virginia National Guard; and Major General James A. Hoyer, in his official capacity as Adjutant General of the West Virginia National Guard. The plaintiff also seeks to delete the Family and Medical Leave Act cause of action and to make minor changes to address information. Lastly, the plaintiff seeks a new scheduling order. The plaintiff states that the current defendant, TSI Corp. ("TSI"), does not object to the amended motion to amend.[1]

### III.   Legal Standard

In order to amend after an established deadline, "a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." *Marcum v. Zimmer*, 163 F.R.D 250, 254 (S.D. W. Va. 1995). Under the Rule 16(b) standard, a party seeking to amend the scheduling order must demonstrate "good cause," which

---

[1] TSI also filed a Stipulation [ECF No. 64] stating that it does not oppose the plaintiff's motions.

is typically shown by establishing that the reason for the amendment was not otherwise discoverable through "due diligence." *Id.*

Rule 15(a)'s more liberal standard, on the other hand, requires the court to analyze the "bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Under Rule 15, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Such "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

The plaintiff's amendment must also comply with applicable joinder rules: To amend a complaint to add additional parties after the filing of a responsive pleading, "a movant must seek leave of the court pursuant to Rule 15 of the Federal Rules of Civil Procedure, *and* he must demonstrate compliance with either Rule 19 or Rule 20, the procedural rules pertaining to joinder of parties." *Adkins v. Labor Ready, Inc.*, 205 F.R.D. 460, 462 (S.D. W. Va. 2001) (emphasis added). Rule 19 governs the required joinder of parties. Rule 19 provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to

3

> protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

Rule 20 governs the permissive joinder of parties. Rule 20 states that parties may be joined in one action as defendants if: "(A) any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

## IV. Discussion

I will address the propriety of the plaintiff's amendment under each Rule in turn.

### a. Rule 16(b)

With respect to Rule 16(b), the court finds good cause to permit the plaintiff to amend his Complaint. The plaintiff brought this wrongful termination case against his employer, TSI. The plaintiff seeks to join additional defendants to this action based on evidence developed during the course of discovery.

In the defendant's responses to the plaintiff's first set of discovery requests, which the plaintiff received on or about May 29, 2018, the defendant responded that the project that the plaintiff worked on ended on March 31, 2016. Pl.'s Am. Mot. Am. Compl. ("Pl.'s Am. Mot.") [ECF No. 63-1] at 3. However, as discovery continued, the defendant disclosed that the foregoing information was incorrect and that the

defendant had continued to employ individuals in the plaintiff's position. *Id.* The plaintiff contends further that an email produced in late October 2018 clarified the role of the defendant in the plaintiff's termination decision, demonstrating that the termination of the plaintiff's employment was recommend by or based on input from the parties the plaintiff seeks to join: Alutiiq; the West Virginia National Guard; and Major General James A. Hoyer. *Id.* at 3–4. (Counsel for both parties, however, called my chambers on November 26, 2018, advising that the email was actually produced in August 2018. Attempting to amend pleadings in this court by telephone is and has always been unavailing. Nonetheless, the court finds the error regarding the date the email was produced to be immaterial, as it is undisputed that the email was produced well after the established deadline for amendment.) This court has previously found that a plaintiff was diligent for Rule 16(b) purposes where the plaintiff moved to amend her complaint based on facts learned during discovery. *See, e.g.*, *Earle v. City of Huntington*, No. 3:14-29536, 2017 WL 1428720, at *1 (S.D. W. Va. Apr. 20, 2017). Based on the foregoing, the court finds the plaintiff has satisfied Rule 16(b).

### b. Rule 15(a)

The plaintiff has also satisfied Rule 15(a). There is no indication that the plaintiff is seeking amendment in bad faith or that the amendment would be futile. Likewise, there is no indication that the amendment would be prejudicial. First, TSI does not oppose the Motion. Further, because the court will issue a new scheduling order for this matter, the new defendants will have a fair and full opportunity to

engage in discovery.[2] *See Burton v. Youth Servs. Int'l, Inc.*, 176 F.R.D. 517, 521 (D. Md. 1997) ("If a party can demonstrate that the amendments are needed . . . or that further discovery is necessary because of facts justifiably learned for the first time near the end of discovery, a judge should exercise her discretion to . . . amend the existing schedule."). Under Rule 15(a), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The court finds Rule 15(a) satisfied.

### c. Joinder Rules

The plaintiff's amendment must additionally comply with either Rule 19 or Rule 20. *See Adkins*, 205 F.R.D. at 462. Without addressing whether the new defendants are necessary parties under Rule 19, the court finds the plaintiff's amendment satisfies Rule 20, governing permissive joinder of parties. While the plaintiff's Motion does not state how it complies with either joinder rule, the proposed amendment asserts claims against the new defendants arising out of the termination of the plaintiff's employment at TSI, satisfying Rule 20's first requirement. The court also finds that a question of law or fact common to all defendants will arise in the action.[3] For these reasons, the plaintiff has satisfied Rule 20.

---

[2] Discovery is currently scheduled to close on December 31, 2018.

[3] Although the court finds the plaintiff's amendment complies with Rule 20, the court does not decide whether the amendment relates back under Rule 15(c)(1). Such a ruling is premature. The requirements for relation back as set forth in Rule 15(c)(1)(C), which apply when an amendment adds parties, differ from the requirements of Rule 20. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 467 (4th Cir. 2007) (listing the requirements under Rule 15 for relation back where an amendment changes the party against whom a claim is asserted).

V.  Conclusion

The court **GRANTS** the plaintiff's Motion to Amend Motion to Amend Deadline and Complaint [ECF No. 63]. The court also **GRANTS** the plaintiff's Amended Motion to Amend Deadline and Complaint [ECF No. 63-1], except to the extent that it seeks any rulings that concern or implicate substantive issues, such as the statute of limitations or the doctrine of relation back.

The court **DIRECTS** the Clerk to file the Corrected First Amended Complaint [ECF No. 63-2] as the operative pleading in this matter. Further, the court **DIRECTS** the plaintiff to obtain appropriate service of process upon the newly-joined defendants pursuant to the Federal Rules of Civil Procedure. An amended scheduling order follows.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: November 26, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE