IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ALVA SANSOM,

                Plaintiff,

v.                                    CIVIL ACTION NO. 2:17-cv-04444

TSI CORP., et al.,

                Defendants.

MEMORANDUM OPINION AND ORDER

## I. Introduction

Pending before the court is a Motion to Dismiss [ECF No. 95] filed by Defendants Alutiiq Technical Services, LLC and Alutiiq, LLC. For the reasons that follow, the Motion is **DENIED**.

## II. Background

On December 1, 2017, the plaintiff filed a Complaint [ECF No. 1] against his previous employer, Defendant TSI Corp. The Complaint alleged claims of wrongful termination and discriminatory failure to rehire. In November 2018, the plaintiff moved to amend his Complaint to add several parties as defendants, including Alutiiq Technical Services, LLC and Alutiiq, LLC (collectively "Alutiiq").

The court granted the plaintiff's motion to amend on November 26, 2018, and the plaintiff's Corrected First Amended Complaint ("Amended Complaint") [ECF No.

67], the operative pleading in this matter, was filed on that same date. The Amended Complaint raises three claims against Alutiiq. The first two claims are brought under the West Virginia Human Rights Act ("WVHRA") for age and disability discrimination and for "[c]onspiring, [a]iding and [a]betting, [o]bstructing or [i]mpeding under the WVHRA." Am. Compl. [ECF No. 67] ¶¶ 59–76. The third cause of action is for intentional infliction of emotional distress. *Id.* ¶¶ 82–85. On February 7, 2019, Alutiiq filed a Motion to Dismiss [ECF No. 95] pursuant Federal Rule of Civil Procedure 12(b)(6), contending that these three claims are time-barred.

### III. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

To survive a motion to dismiss, the plaintiff's factual allegations, taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although it is

2

true that "the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017) (citing *Wright v. North Carolina*, 787 F.3d 256, 263 (4th Cir. 2015)).

## IV. Discussion

Alutiiq's Motion to Dismiss is premised solely on a statute of limitations defense. However, "a motion to dismiss that is filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). The motion may reach the affirmative defense in the "relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." *Id.* This principle only applies when all facts necessary to the affirmative defense clearly appear on the face of the complaint. *Id.*

Here, the facts alleged in the Amended Complaint are insufficient to show that the plaintiff's claims against Alutiiq are time-barred because they do not foreclose a "potential rejoinder" to Alutiiq's statute of limitations defense. *Id.* at 466. The plaintiff has argued that his claims are not barred by the relevant statute of limitations because the amendment relates back to the filing of his original Complaint under Federal Rule of Civil Procedure 15(c). *See Thompson v. Vista View LLC*, No. 2:06-cv-00585, 2009 WL 10688423, at *3 (S.D. W. Va. Jan. 26, 2009)

3

(Goodwin, J.) (denying motion to dismiss based on statute of limitations grounds where the plaintiff argued that the claims in her amended complaint related back under Rule 15(c)). The plaintiff also contends that the statute of limitations is tolled by the discovery rule and the doctrine of fraudulent concealment.[1] Contrary to Alutiiq's assertions, the plaintiff "is not . . . required to plead facts establishing" the elements of such rejoinders in order to defeat Alutiiq's affirmative defense. *Id.* "Rather, the plaintiff must have an opportunity to rebut the defense after the affirmative defense is raised." *Id.*; *see Goodman*, 494 F.3d at 466 (explaining that defendants must show that potential rejoinder to an affirmative defense was foreclosed by the complaint because otherwise a plaintiff would be required "to plead affirmatively in his complaint matters that might be responsive to affirmative defenses even before the affirmative defenses are raised"); *see also Wendy Rupe Tr. v. Cabot Oil & Gas Corp.*, No. 2:09-cv-01435, 2010 WL 3894039, at *4 (S.D. W. Va. Sept. 30, 2010) (denying motion to dismiss based on statute of limitations grounds and noting that "[the plaintiffs] are not required to rebut the affirmative defense of the statute of limitations in their complaint").

---

[1] The discovery rule is used to determine when the statute of limitations began to run "by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action." Syl Pt. 5, *Dunn v. Rockwell*, 689 S.E.2d 255 (W. Va. 2009). The resolution of this issue will "generally involve questions of material fact that will need to be resolved by the trier of fact" and is therefore inappropriate for the court to decide at this stage in the litigation. *Id.*; *see Workman v. Wal-Mart Stores E., L.P.*, No. 2:04-1257, 2006 WL 1896609, at *5 (S.D. W. Va. July 10, 2006) (denying motion to dismiss based on statute of limitations grounds because "the issue of whether a reasonable and diligent plaintiff should have uncovered [the defendant] within the statute of limitations should be left for a jury to decide and not for the Court to resolve on a motion to dismiss").

To be sure, Alutiiq contends that it did not have notice of the action and that relation back is therefore improper. As in *Thompson*, however, the plaintiff "must have an opportunity to show that [Alutiiq] had notice of the action and that the requirements of Rule 15(c) have been met." 2009 WL 10688423, at *3. Likewise, the plaintiff must have a chance to demonstrate that the statute of limitations was tolled. In short, this is not one of the rare cases where it is clear from the face of the Amended Complaint that the plaintiff's claims are time-barred. Therefore, I cannot address Alutiiq's statute of limitations defense at this time.

## V. Conclusion

Accordingly, the Motion to Dismiss [ECF No. 95] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: March 13, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE